■ Kazimierz Mscichowski, Respondent, v 601 BBA, LLC, Defendant/Third-Party Plaintiff, et al., Defendant. 601 Brighton Beach Deli, Third-Party Defendant-Appellant. [22 NYS3d 506]—

In an action to recover damages for personal injuries, the third-party defendant, 601 Brighton Beach Deli, appeals from

so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 8, 2014, as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the third-party defendant's cross motion for summary judgment dismissing the third-party complaint is granted.

The plaintiff allegedly was injured when he tripped and fell on a defect in the sidewalk abutting commercial property owned by the defendant/third-party plaintiff, 601 BBA, LLC (hereinafter 601 BBA). The third-party defendant, 601 Brighton Beach Deli (hereinafter 601 Deli), leased a portion of the commercial property owned by 601 BBA, and the defendant Leon's Barber Shop (hereinafter Leon's) leased another portion of the same property.

The plaintiff commenced this action against 601 BBA and Leon's. 601 BBA subsequently commenced a third-party action against 601 Deli for contractual indemnification, common-law contribution or indemnification, and failure to procure insurance for 601 BBA's benefit. Insofar as relevant to this appeal, 601 Deli cross-moved for summary judgment dismissing the third-party complaint on the grounds that the defect was trivial as a matter of law, and that 601 Deli had no duty to maintain the sidewalk. The Supreme Court, inter alia, denied 601 Deli's cross motion and held that there were triable issues of fact as to whether 601 Deli created the sidewalk defect, and whether the defect was trivial. 601 Deli appeals.

601 Deli failed to establish, prima facie, that the alleged defect was trivial as a matter of law. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]). Where, as here, the dimensions of the alleged defect are in dispute, and the photographs and descriptions inconclusive, the existence of the defect is properly a question of fact for the jury (*see id.* at 77-78). Accordingly, the Supreme Court properly rejected 601 Deli's contention that the alleged defect was trivial as a matter of law.

Alternatively, 601 Deli sought to dismiss 601 BBA's third-party complaint on the ground that it had no duty to repair or

maintain the sidewalk and, in any event, it had no notice of the alleged defect. The plaintiff does not dispute that 601 Deli established its prima facie entitlement to judgment as a matter of law on that ground, but argues only that a question of fact exists as to whether 601 Deli caused or created the defect. We disagree and find that the plaintiff's contentions are based on speculation and conjecture (*see Crawford v City of New York,* 98 AD3d 935, 937 [2012]; *Lau Tung Tsui v New Charlie Tseng Corp.,* 35 AD3d 390, 391 [2006]). Accordingly, the Supreme Court erred in denying that branch of 601 Deli's cross motion which was for summary judgment dismissing the third-party complaint on the ground that 601 Deli had no duty to repair or maintain the sidewalk. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.