■ ROSITA PADARAT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and TRIANGLE ASSOCIATES et al., Respondents. [27 NYS3d 686]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Kerrigan, J.),

dated December 9, 2014, as granted that branch of the motion of the defendant VAJ Enterprises Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court, also dated December 9, 2014, as granted that branch of the motion of the defendant Triangle Associates which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant VAJ Enterprises Corp. and the separate motion of the defendant Triangle Associates which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The plaintiff allegedly was injured when she tripped and fell on an alleged defective sidewalk condition abutting premises owned by the defendant Triangle Associates. The defendant VAJ Enterprises Corp. (hereinafter VAJ) leased a portion of the building that abutted the accident site. The plaintiff commenced this action against, among others, Triangle Associates and VAJ. VAJ and Triangle Associates separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, contending, inter alia, that the alleged defective condition was trivial and not actionable. The Supreme Court granted both motions. In its orders the court held that the alleged defective condition was trivial and not actionable, and also that the plaintiff could not identify the cause of her fall. The plaintiff appeals.

"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]; *see Mscichowski v 601 BBA, LLC*, 134 AD3d 996 [2015]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 77-79).

Here, VAJ failed to demonstrate its prima facie entitlement to judgment as a matter of law on the ground that the alleged

defective condition was trivial as a matter of law. In support of its motion, VAJ failed to submit any measurements of the dimensions of the alleged defective condition. Contrary to VAJ's contention, the photographs and descriptions of the alleged defective condition it submitted failed to establish, prima facie, that it was trivial as a matter of law and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 82-83; *Mazza v Our Lady of Perpetual Help R.C. Church*, 134 AD3d 1073 [2015]; *Grundstrom v Papadopoulos*, 117 AD3d 788 [2014]; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655 [2014]).

Triangle Associates also failed to demonstrate its prima facie entitlement to judgment as a matter of law on the ground that the alleged defective condition was trivial as a matter of law. It submitted conflicting evidence as to the dimensions of the alleged defective condition, including the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and measurements performed by its expert, and it is impossible to ascertain from the photographs submitted in support of the motion whether the alleged defective condition was trivial as a matter of law (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Mscichowski v 601 BBA, LLC*, 134 AD3d 996 [2015]; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655 [2014]).

The evidence submitted in support of the motions also did not establish, prima facie, that the plaintiff could not identify the cause of her fall (*see generally Robustelli v Westchester Towers Owners Corp.*, 128 AD3d 938 [2015]).

Accordingly, the Supreme Court should have denied those branches of the separate motions of VAJ and Triangle Associates which were for summary judgment dismissing the complaint insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.