■ WANDA I. PARENTE, Appellant, v CITY OF NEW YORK, Defendant, and LSS GROUP, LLC, Respondent. [42 NYS3d 322]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 22, 2015, which granted the motion of the defendant LSS Group, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant LSS Group, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it is denied.

On April 4, 2012, the plaintiff allegedly was walking on the sidewalk abutting property owned by the defendant LSS Group, LLC (hereinafter LSS), when she tripped and fell over a raised sidewalk slab. The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, LSS. After discovery had been conducted, LSS moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that the alleged sidewalk defect was trivial and therefore not actionable, or was open and obvious. The Supreme Court granted the motion, and the plaintiff appeals.

LSS failed to demonstrate its prima facie entitlement to judgment as a matter of law. Initially, LSS failed to establish, prima facie, that the alleged defect was trivial as a matter of law. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]). Contrary to LSS's contention, the evidence submitted in support of its motion, which included photographs and descriptions of the alleged defective condition, failed to establish, prima facie, that it was trivial as a matter of law and therefore not actionable (*see id.* at 82-83; *Padarat v New York City Tr. Auth.*, 137 AD3d 1095, 1096-1097 [2016]; *Mscichowski v 601 BBA, LLC*, 134 AD3d 996, 997 [2015]). Furthermore, LSS failed to make a prima facie showing that the alleged defective condition was open and obvious and not inherently dangerous as a matter of law (*see Casiano v St. Mary's Church*, 135 AD3d 685 [2016]; *Doughim v M & US Prop., Inc.*, 120 AD3d 466, 467 [2014]). Moreover, LSS failed to demonstrate, prima facie, that it lacked constructive notice of the alleged defective condition (*see Bruni v Macy's Corporate Servs., Inc.*, 134 AD3d 870, 871 [2015]). Since LSS failed to

demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have denied LSS's motion for summary judgment dismissing the amended complaint insofar as asserted against it. Eng, P.J., Austin, Roman and Cohen, JJ., concur.