■ JOANNE SCUTERI, Respondent, v 7318 13TH AVE. CORP. et al., Defendants, and DR. JOSEPH A. CARUANA, P.C., Also Known as DR. JOSEPH A. CARUANA MEDICAL, P.C., et al., Appellants. [56 NYS3d 165]—

In an action to recover damages for personal injuries, the defendants Dr. Joseph A. Caruana, P.C., also known as Dr. Joseph A. Caruana Medical, P.C., Joseph A. Caruana, and Laura Caruana appeal from an order of the Supreme Court, Kings County (Silber, J.), dated April 27, 2016, which granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dr. Joseph A. Caruana, P.C., also known as Dr. Joseph A. Caruana Medical, P.C., and denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Joseph A. Caruana and Laura Caruana.

Ordered that the appeal from so much of the order as granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dr. Joseph A. Caruana, P.C., also known as Dr. Joseph A. Caruana Medical, P.C., is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly was injured when she tripped and fell over a raised sidewalk flag in front of premises located at 7318 13th Avenue in Brooklyn. At the time of the accident, the defendants Joseph A. Caruana and Laura Caruana (hereinafter together the owners) owned the property, and the defendant Dr. Joseph A. Caruana, P.C., also known as Dr. Joseph A. Caruana Medical, P.C. (hereinafter the P.C.), rented and occupied the premises as a medical office. The plaintiff commenced this action against, among others, the owners and the P.C. (hereinafter collectively the defendants). After discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the P.C., but denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the owners. The defendants appeal.

The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the owners. Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Metzker v City of New York*, 139 AD3d 828, 830 [2016]; *Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d 1106 [2012]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). That section imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property (*see Zorin v City of New York*, 137 AD3d 1116 [2016]).

The owners argued in support of the motion that they were entitled to judgment as a matter of law on the ground that the raised sidewalk flag over which the plaintiff tripped and fell was trivial and not actionable. "A defendant seeking dismissal

of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]; *see Parente v City of New York*, 144 AD3d 1117, 1118 [2016]; *Maldonado v 2121 Shore Condominium*, 138 AD3d 789, 790 [2016]; *Padarat v New York City Tr. Auth.*, 137 AD3d 1095 [2016]; *Mscichowski v 601 BBA, LLC*, 134 AD3d 996 [2015]). Here, the owners failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the raised sidewalk flag was trivial as a matter of law, since the evidence they submitted demonstrated that there was a misleveling of one end of the sidewalk flag that was greater than the misleveling of the other end of the flag, and the defendants' moving papers did not establish where on the sidewalk flag the plaintiff tripped (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 79; *Padarat v New York City Tr. Auth.*, 137 AD3d at 1096; *Green v New York City Hous. Auth.*, 137 AD3d 748, 749 [2016]; *Singh v City of New York*, 136 AD3d 641, 643 [2016]; *Mscichowski v 601 BBA, LLC*, 134 AD3d at 997; *Doughim v M & US Prop., Inc.*, 120 AD3d 466, 468 [2014]; *Martyniak v Charleston Enters., LLC*, 118 AD3d 679, 680 [2014]; *Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901, 902 [2013]; *Hahn v Wilhelm*, 54 AD3d 896 [2008]). Since the owners failed to demonstrate their prima facie entitlement to judgment as a matter of law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly denied without regard to the sufficiency of the papers submitted by the plaintiff in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur. 