■ Temeka Burrell et al., Appellants, v New York City Transit Authority, Respondent. [54 NYS3d 676]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 20, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Temeka Burrell (hereinafter the injured plaintiff) allegedly fell on a landing while descending a stairway at the Junius Street subway station in Brooklyn. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action, inter alia, to recover damages for personal injuries against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, among other things, that the alleged defect was trivial and therefore not actionable. The Supreme Court granted the motion, and the plaintiff appeals.

The defendant failed to establish its prima facie entitlement to judgment as a matter of law. Initially, the defendant failed to establish, prima facie, that the alleged defect was trivial as a matter of law. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]). Contrary to the defendant's contention, the evidence submitted in support of its motion, which included photographs and descriptions of the alleged defective condition, failed to establish, prima facie, that it was trivial as a matter of law and therefore not actionable (*see id.* at 82-83; *Parente v City of New York*, 144 AD3d 1117 [2016]; *Padarat v New York City Tr. Auth.*, 137 AD3d 1095, 1096-1097 [2016]; *Mscichowski v 601 BBA, LLC*, 134 AD3d 996, 997 [2015]). Moreover, the defendant failed to demonstrate, prima facie, that it lacked actual notice of the alleged defective condition. Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have denied the de-

fendant's motion for summary judgment dismissing the complaint. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.