■ CHRISTINE CHOJNACKI, Appellant, v OLD WESTBURY GARDENS, INC., Respondent. [58 NYS3d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated February 17, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

While walking down a brick walkway in a garden owned by the defendant, the plaintiff allegedly tripped and fell over a raised brick. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The plaintiff alleged that the defendant negligently maintained its premises and, as a result, caused the bricks on the walkway

to become unsafe and uneven. The defendant moved for summary judgment dismissing the complaint, arguing that there was no actionable defect on the walkway or, alternatively, that it was open and obvious or the defendant lacked notice of any defect. The Supreme Court granted the motion, concluding that the alleged defect was trivial and, therefore, not actionable. The plaintiff appeals.

The Supreme Court erred in determining that the defendant demonstrated its prima facie entitlement to judgment as a matter of law. The defendant failed to establish, prima facie, that the alleged defect was trivial as a matter of law. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risk it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]; *see Parente v City of New York*, 144 AD3d 1117 [2016]). In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the Director of Horticulture of the defendant, the affidavit of an expert witness, and two photographs that the plaintiff claimed showed her lying on the walkway shortly after her accident but did not portray the raised brick on which she allegedly fell. Viewed in the light most favorable to the plaintiff as the nonmovant (*see Baird v Four Winds Hosp.*, 140 AD3d 810, 811 [2016]), the evidence submitted by the defendant failed to eliminate all triable issues of fact as to the dimensions of the alleged defect, and failed to establish that the condition was trivial and, therefore, not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 82-83; *Padarat v New York City Tr. Auth.*, 137 AD3d 1095, 1096-1097 [2016]; *Mazza v Our Lady of Perpetual Help R.C. Church*, 134 AD3d 1073, 1075 [2015]). The defendant also failed to make a prima facie showing that the alleged raised brick was an open and obvious condition that is inherent to the nature of the property and could be reasonably anticipated by those using it (*see Parente v City of New York*, 144 AD3d 1117 [2016]; *Demuth v Best Buy Stores, L.P.*, 85 AD3d 713, 714 [2011]; *cf. Weisberg v Town of Wallkill Boys & Girls Club, Inc.*, 126 AD3d 787, 787-788 [2015]; *DeLaurentis v Marx Realty & Improvement*, 300 AD2d 343, 343-344 [2002]). Furthermore, the defendant failed to demonstrate, prima facie, that it lacked constructive notice of the allegedly raised brick (*see Bergin v Golshani*, 130 AD3d 767, 768 [2015]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]). Since the de-

fendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.