Cortes v Taravella Family Trust (2018 NY Slip Op 01301)





Cortes v Taravella Family Trust


2018 NY Slip Op 01301


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-02372
 (Index No. 707651/14)

[*1]Milagros Cortes, respondent, 
v
Taravella Family Trust, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for appellant.
Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Martin Block, Melissa C. Ingrassia, and David Woycik of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated December 21, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell due to a crack in the concrete floor of the defendant's backyard in Queens. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the crack at issue was trivial and therefore not actionable. The Supreme Court denied the motion, and the defendant appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see id. at 977). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (id. at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; see Chojnacki v Old Westbury Gardens, Inc., 152 AD3d 645, 646). Contrary to the defendant's contention, it failed to establish, prima facie, that the alleged defective condition was trivial as a matter of law and therefore not actionable (see Craig v Meadowbrook Pointe Homeowner's Assn., Inc., _____ AD3d _____, 2018 [*2]NY Slip Op 00819 [2d Dept 2018]; Chojnacki v Old Westbury Gardens, Inc., 152 AD3d at 646; Parente v City of New York, 144 AD3d 1117, 1118). Accordingly, the Supreme Court properly denied its motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court