Coriat v Miller (2018 NY Slip Op 05998)





Coriat v Miller


2018 NY Slip Op 05998


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-08999
 (Index No. 21521/13)

[*1]Polina Coriat, respondent, 
v
Frank Miller, et al., appellants, et al., defendants.


Russo & Toner, LLP, New York, NY (Lee-David Weiner of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Victor Goldblum, David M. Schwarz, and Ali Jaffery of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Frank Miller and Chaya Miller appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated July 13, 2017. The order, insofar as appealed from, denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while walking on a sidewalk in Brooklyn when she lost her footing and fell due to a height differential between sidewalk flags. The plaintiff commenced this action against, among others, the defendants Frank Miller and Chaya Miller (hereinafter together the Millers), the owners of the adjacent building. After discovery, the Millers moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that the alleged defective condition was trivial as a matter of law. The Supreme Court, among other things, denied that branch of the Millers' motion. The Millers appeal, and we affirm the order insofar as appealed from.
Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77).
The Millers failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the alleged defective condition was trivial as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562). In support of their motion, the Millers submitted conflicting evidence as to the dimensions of the alleged defective condition, including the [*2]plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and measurements taken by the Millers' investigator. Further, "it is impossible to ascertain from the photographs submitted in support of the motion whether the alleged defective condition was trivial as a matter of law" (Padarat v New York City Transit Auth., 137 AD3d 1095, 1097; see Mscichowski v 601 BBA, LLC, 134 AD3d 996; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655). Since the Millers failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying the branch of the Millers' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court