Scalia v King Kullen Grocery Co., Inc. (2021 NY Slip Op 06384)





Scalia v King Kullen Grocery Co., Inc.


2021 NY Slip Op 06384


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2019-12417
 (Index No. 610260/17)

[*1]Kimberly Scalia, et al., respondents, 
v
King Kullen Grocery Co., Inc., respondent-appellant, Serota Northport, LLC, appellant-respondent.


Keith J. Conway, Melville, NY (Jerry Christoforatos of counsel), for appellant-respondent.
Cullen and Dykman, LLP, Garden City, NY (James G. Ryan of counsel), for respondent-appellant.
Levine & Grossman, Mineola, NY (Scott D. Rubin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Serota Northport, LLC, appeals, and the defendant King Kullen Grocery Co., Inc., cross-appeals, from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated October 11, 2019. The order, insofar as appealed from, denied the motion of the defendant Serota Northport, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claims for common-law and contractual indemnification asserted against the defendant King Kullen Grocery Co., Inc. The order, insofar as cross-appealed from, denied the motion of the defendant King Kullen Grocery Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by the defendants.
On September 2, 2015, Kimberly Scalia (hereinafter the injured plaintiff) allegedly was injured when she fell while pushing a grocery cart along a sidewalk toward a grocery store operated by the defendant King Kullen Grocery Co., Inc. (hereinafter King Kullen). At the time of the accident, King Kullen leased the store abutting the sidewalk where the accident occurred from the defendant Serota Northport, LLC (hereinafter Serota), which owned the property.
Subsequently, the injured plaintiff, and her husband suing derivatively, commenced this action against Serota and King Kullen to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, their ownership and maintenance of the premises, and in allowing the shopping carts to become defective. King Kullen moved for summary judgment dismissing the complaint insofar as asserted against it, and Serota moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claims for common-law and contractual indemnification asserted against King Kullen. The Supreme Court denied both motions. Serota appeals and King Kullen cross-appeals.
Neither Serota nor King Kullen established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Initially, neither Serota nor King Kullen established, prima facie, that the injured plaintiff was unable to identify the cause of her accident (see Morace v Commack N. Baseball Clubs, Inc., 181 AD3d 672, 674; Richichi v CVS Pharmacy, 127 AD3d 951, 951). During her deposition, the injured plaintiff testified that the left front wheel of the shopping cart she was using at the time of the subject accident was wobbly and that, when that wheel came into contact with a crack in the sidewalk in front of the King Kullen store, the cart stopped abruptly, causing her to fall to the ground. This testimony identified two potential causes which, when combined, explained the accident. The plaintiffs alleged both dangerous/defective conditions in their pleadings and asserted that the defendants were liable in negligence as a result of both conditions.
To the extent that Serota contends that the sidewalk crack was trivial, it failed to establish this contention as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66; Hanus v Long Is. Rail Rd., 186 AD3d 679, 681; Mscichowski v 601 BBA, LLC, 134 AD3d 996, 997) by a series of photographs of the sidewalk crack that the plaintiff identified during her deposition (see Coriat v Miller, 164 AD3d 1207, 1208; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097; Mscichowski v 601 BBA, LLC, 134 AD3d at 997) and the affidavit and report of its architectural expert.
Although King Kullen established that it did not create or have actual notice of any defect or dangerous condition of the shopping cart, it failed to establish, prima facie, that it lacked constructive notice of the shopping cart's alleged condition. Indeed, while King Kullen submitted a transcript of the deposition testimony of the assistant manager on duty at the time of the subject accident, his testimony failed to establish when, relative to the time of the subject accident, any of the shopping carts at the subject store were last inspected (see Butts v SJF, LLC, 171 AD3d 688, 689; Rong Wen Wu v Arniotes, 149 AD3d 786, 788; cf. Cataldo v Waldbaum, Inc., 244 AD2d 446, 447).
Accordingly, the Supreme Court properly denied those branches of the respective motions of King Kullen and Serota which were for summary judgment dismissing the complaint insofar as asserted against each of them without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of Serota's motion which sought summary judgment on its cross claims for contractual and common-law indemnification asserted against King Kullen since there are questions of fact as to liability for the subject accident (see General Obligations Law § 5-322.1; Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 934; see also Mendelsohn v Goodman, 67 AD3d 753, 754). Similarly, since Serota failed to establish its freedom from liability, the court properly denied that branch of its motion which was for summary judgment dismissing King Kullen's cross claims asserted against it.
King Kullen's remaining contention need not be addressed in light of our determination.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court