Leem v 152-24 N., LLC (2022 NY Slip Op 00416)





Leem v 152-24 N., LLC


2022 NY Slip Op 00416


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-13375
 (Index No. 715128/17)

[*1]Ajja Leem, plaintiff-respondent, 
v
152-24 Northern, LLC, appellant, Dong's Family Cuisine, defendant-respondent, et al., defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Burns & Harris, New York, NY (Daniel T. Wright and Judith F. Stempler of counsel), for plaintiff-respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 152-24 Northern, LLC, appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered November 12, 2019. The order denied those branches of the motion of the defendant 152-24 Northern, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim for contractual indemnification asserted against the defendant Dong's Family Cuisine.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff and to the defendant Dong's Family Cuisine.
In September 2017, the plaintiff allegedly sustained personal injuries when she tripped atop a mat covering a concrete ramp/slope as she exited certain premises owned by the defendant 152-24 Northern, LLC (hereinafter Northern), and leased by the defendant Dong's Family Cuisine (hereinafter Dong's). She commenced the instant action against, among others, Northern and Dong's. Thereafter, Northern moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the alleged defect was trivial, and on its cross claim for contractual indemnification asserted against Dong's. The Supreme Court denied those branches of Northern's motion. Northern appeals.
In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, Northern failed to establish, prima facie, that the alleged defect was trivial as a matter of law (see Mscichowski v 601 BBA, LLC, 134 AD3d 996, 997). Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and [*2]circumstance of the injury" (id. at 978 [internal quotation marks omitted]). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). Here, the photographs and videotape surveillance footage proffered by Northern in support of this branch of its motion are inconclusive as to whether the alleged defect is trivial and not actionable (see id. at 77-78), and the issue of whether a dangerous or defective condition exists is properly a question of fact for the jury.
Further, the Supreme Court properly denied that branch of Northern's motion which was for summary judgment on its cross claim for contractual indemnification asserted against Dong's, as Northern failed to make a prima facie showing of entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bartels v Eack, 164 AD3d 1202; LaGuarina v Metropolitan Tr. Auth., 109 AD3d 793, 796).
Since Northern failed to meet its prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court