Voloshin v Trump Vil. Section 3, Inc. (2022 NY Slip Op 05735)

Voloshin v Trump Vil. Section 3, Inc.

2022 NY Slip Op 05735

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-03386
 (Index No. 517689/18)

[*1]Sofia Voloshin, appellant,
v
Trump Village Section 3, Inc., respondent.

Shakhnevich Law Group, P.C., Brooklyn, NY (Steven Shakhnevich of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 29, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On May 13, 2018, the plaintiff tripped and fell on a public sidewalk abutting premises owned by the defendant. She commenced the instant personal injury action against the defendant, alleging, inter alia, that she tripped on a dangerous or defective condition on the sidewalk, and that the defendant either created or had actual or constructive notice of that condition.
The defendant moved for summary judgment dismissing the complaint. In support of its motion, the defendant argued that there was no dangerous or defective condition in the area of the sidewalk where the plaintiff fell, and that if there was such a condition, it was trivial as a matter of law and not actionable. The defendant also argued that, even if there was a dangerous or defective condition in that area of the sidewalk that was actionable, the defendant neither created, nor had actual or constructive notice of, that condition. In an order dated January 29, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant, which, on its motion, relied on the transcript of the plaintiff's deposition, failed to establish, prima facie, that there was no dangerous or defective condition in the area of the sidewalk where the plaintiff fell, or that any such condition was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79, 82-83; Scuteri v 7318 13th Ave. Corp., 150 AD3d 1172, 1174). In addition, the defendant failed to establish, prima facie, that it neither created, nor had actual or constructive notice of, a dangerous or defective condition in that area (see Seedat v Capital One Bank, 170 AD3d 769, 769-770; Cummins v New York Methodist Hosp., 85 AD3d 1082, 1083). Furthermore, contrary to the determination of the Supreme Court, the defendant was not entitled to summary judgment dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her fall (see Leem v 152-24 N., LLC, 201 AD3d 918, 919-920; Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Since the defendant failed to demonstrate its prima facie entitlement to judgment as [*2]a matter of law, the Supreme Court should have denied the motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court