| **Selvaggio v City of New York** |
|:---:|
| 2025 NY Slip Op 31030(U) |
| March 27, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508904/2024 |
| Judge: Patria Frias-Colon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                    Part 20
HON. PATRIA FRIAS-COLÓN, J.S.C.
------------------------------------------------------------------------X
Christina Selvaggio,

                    PLAINTIFF,

          -against-

The City of New York, Doe Court Homeowner's
Association, United States Liability Insurance
Company, Dawning Real Estate, Incorporated,
Joan and Robert Gallo, Yona and Yoni Matmon,

                    DEFENDANTS.
------------------------------------------------------------------------X

Index # 508904/2024
Cal. # 48 Mot. Seq. # 2

**DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc #s 680-693; 712 by Def. Doe
NYSCEF Doc #s 694-710 by Plaintiff
NYSCEF Doc # 711 by Def City

 

      Upon the foregoing cited papers and after considering oral argument on December 4, 2024, pursuant to CPLR §§ 3212 and 3211, the Decision and Order on Defendants Doe Court Homeowner's Association, Dawning Real Estate, Incorporated, and Yona and Yoni Matmon's ("Doe") Motion for Summary Judgment and dismissing Plaintiff's complaint and any crossclaims is DENIED in part and GRANTED in part.

**BACKGROUND**

      Plaintiff initiated this action by filing a summons with notice on May 15, 2018, followed by an amended summons and complaint on June 25, 2018, naming Doe Defendants.[1] Plaintiff seeks damages for personal injuries sustained from an alleged trip and fall on October 21, 2017, near 181 and 183 Freedom Avenue, Staten Island.[2] Plaintiff claims she tripped over a hole in the curb of a driveway while walking her dog.[3]

      The Doe Defendants answered the amended complaint on August 2, 2018,[4] and the City Defendant City filed its answer on August 20, 2018.[5] The Doe Defendants moved for the instant summary judgment motion on October 4, 2024,[6] arguing that:

1. They are not responsible for maintaining or repairing the curb, and the defect is trivial and not actionable.[7]
2. The individual homeowners, Yona and Yoni Matmon, are not liable for the driveway and

---

[1] NYSCEF Doc. # 1 and 682
[2] NYSCEF Doc. # 686 at pp. 2-4.
[3] *Id.*
[4] NYSCEF Doc. # 683.
[5] NYSCEF Doc. # 35.
[6] NYSCEF Doc. # 680.
[7] NYSCEF Doc. # 681 at pp. 11-17.

[* 1]

curb maintenance.[8]

3. Plaintiff's claims regarding the failure to provide an offering plan, failure to be incorporated, and inspection of books and records should be dismissed as moot.[9]

Plaintiff and Defendant City opposed the motion, arguing that triable issues exist regarding Doe Defendants' special use of the driveway and its contribution to the curb defect.[10] Plaintiff also asserted noncompliance with the New York State Department of Law Real Estate Finance Bureau's Cooperative Policy Statement No. 7 ("CPS-§7[1]"); as well as Doe's failure to provide an offering plan, failure to be incorporated, and for inspection of their books and records.[11] In reply, Defendants Doe maintains that Plaintiff and Defendant City failed to refute their *prima facie* showing they were not responsible for maintaining and repairing the subject curb, that the alleged defect is trivial, and Plaintiff did not demonstrate her second and third causes of action are not moot.[12]

## DISCUSSION

### Summary Judgment

A party moving for summary judgment bears the burden of making a *prima facie* showing of entitlement to judgment as a matter of law and must tender sufficient evidence in admissible form to demonstrate the absence of any material factual issues. *See* CPLR 3212 (b); *Alvarez v Prospect Hospital*, 68 N.Y.2d 320, 324 (1986); *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 (1980); *Korn v Korn*, 135 A.D.3d 1023, 1024 (3d Dept. 2016). Failure to make this *prima facie* showing requires denial of the motion. *See Alvarez*, 68 N.Y.2d at 324; *Winegrad v New York University Medical Center*, 64 N.Y.2d 851, 853 (1985). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidence in admissible form sufficient to establish an issue of material fact requiring a trial. *See* CPLR 3212; *Alvarez*, 68 N.Y.2d at 324; *Zuckerman*, 49 N.Y.2d at 562. "[A]verments merely stating conclusions, of fact or of law, are insufficient to defeat summary judgment." *Banco Popular North America v Victory Taxi Management, Inc.*, 1 N.Y.3d 381, 383 (2004) (internal quotations omitted). The court must view the totality of evidence presented in the light most favorable to the nonmoving party and accord that party the benefit of every favorable inference. *See Fortune v Raritan Building Services Corp.*, 175 A.D.3d 469, 470 (2d Dept. 2019); *Emigrant Bank v Drimmer*, 171 A.D.3d 1132, 1134 (2d Dept. 2019).

### Dismissal pursuant to CPLR § 3211(a)(1)

"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR § 3211(a)(1) may only be granted where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter

---

[8] *Id.* at p 17.
[9] *Id.* at pp. 17-20.
[10] NYSCEF Doc. # 694 & 711.
[11] NYSCEF Doc. # 694 at pp. 24-30.
[12] NYSCEF Doc. # 712 at pp. 2-10.

2

[* 2]

of law." *Maursky v. Latham*, 219 A.D.3d 473, 475 (2d Dept. 2023) (quoting Qureshi v. Vital Transportation, Inc., 173 A.D.3d 1076 [2d Dept. 2019]). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case." *Id.* at 475. Finally, affidavits, deposition testimony, nor letters are considered documentary evidence pursuant to CPLR 3211(a)(1). *Id.*

**Dismissal pursuant to CPLR 3211(a)(2)**

A motion to dismiss under CPLR 3211(a)(2) may be granted if the court lacks subject matter jurisdiction over a cause of action. "Subject matter jurisdiction refers to objections that are fundamental to the power of adjudication of a court." *Garcia v. Gov't Emps. Inc. Co.*, 130 A.D.3d 870 (2d Dept. 2015). Lack of jurisdiction does not mean merely the "elements of a cause of action are absent, but that the matter before the court was not the kind of matter on which the court had power to rule." *Id.* at 871 (quoting *Manhattan Telecom. Corp. v. H & A Locksmith, Inc.*, 21 N.Y.3d 200 [2013]). "As a court of original, unlimited and unqualified jurisdiction," the Supreme Court is vested with general original jurisdiction. *21st Century Pharm. v. Am. Intl. Group*, 195 A.D.3d 776 (2d Dept. 2021).

**Defendant Doe's Summary Judgment Motion:**

**1. Plaintiff's personal injury claims**

Liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property. *Toner v. Trader Joe's E., Inc.*, 209 A.D.3d 690 (2d Dept. 2022). The "existence of one or more of these elements is sufficient to give rise to a duty of care." *Micek v. Greek Orthodox Church of Our Savior*, 139 A.D.3d 830 (2d Dept. 2016). However, where none is present, a party cannot generally be held liable for injuries caused by an allegedly defective condition. *Misa v. Town of Brookhaven*, 212 A.D.3d 804 (2d Dept. 2023). Special use is a narrow exception to the general rule, which imposes an obligation on the abutting landowner where they put part of a public way to a special use for their own benefit. *Minott v. City of New York*, 230 A.D.2d 719 (2d Dept. 1996). The use of a sidewalk as a driveway constitutes special use. *Katz v. City of New York*, 18 A.D.3d 818 (2d Dept. 2005).

Furthermore, "a defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a *prima facie* showing that the defect is, under the circumstances, physically insignificant and the characteristics of the defect or the surrounding circumstances do not increase the risk it poses." *Padarat v. New York City Tr. Auth.*, 137 A.D.3d 1095 (2d Dept. 2016). The Court must examine all facts presented when determining whether a defect is trivial, which includes "the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstance of the injury." *See Id.* at 1096.

Here, the Doe Defendants failed to establish entitlement to judgment as a matter of law regarding Plaintiff's personal injury claims given existing issues of fact as to whether they made special use of the area in which Plaintiff allegedly fell because it is used as a driveway, and whether

3

use of the driveway contributed to the alleged defect.[13] *Simmons v. Elmcrest Homewoners' Ass'n, Inc.*, 11 A.D.3d 447 (2d Dept. 2004); *Dos Santos v. Peixoto*, 293 A.D.2d 566 (2d Dept. 2002). The Doe Defendants failed to submit any measurements of the dimensions of the alleged defective condition to determine whether it was trivial. *See Padarat*, 137 A.D.3d at 1096-1097 (defendant failed to meet its burden demonstrating an alleged defect was trivial when only submitting photographs and descriptions of the alleged defect). Therefore, Defendants Doe's motion for summary judgment is denied as to Plaintiff's personal injury claims.

### 2. Plaintiff's claims against Defendants Doe for failure to provide an offering plan and failure to be incorporated

"The mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances." *In re Melinda D.*, 31 A.D.3d 24 (2d Dept. 2006). The Court only has the power to declare the law arising out of actual controverted issues or determining the rights of persons in a particular case before the Court. *Hearst Corp. v. Clyne*, 50 N.Y.2d 707 (1980). Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical questions, unless an adjudication will result in immediate consequences to the parties. *Coleman v. Daines*, 19 N.Y.3d 1087 (2012). Moreover, a statement of policy generally does not confer jurisdiction to the court to consider its enforcement. *Subway Surface Supervisors Ass'n v. New York City Transit Auth.*, 22 N.Y.3d 1182 (2014).

Here, the Doe Defendants established Plaintiff's claims of failure to provide an offering plan and failure to be incorporated must be dismissed on the grounds of mootness and standing. Firstly, there is documentary evidence demonstrating that Defendant Doe is incorporated[14] and that they provided an offering plan,[15] meaning these claims are moot. Plaintiff has no right to a private cause of action pursuant to CPS-§7[1], which is merely a policy statement.[16] Therefore, the Doe Defendants' motion regarding Plaintiff's claims pursuant to CPS-§7[1] is granted and Plaintiff's second cause of action is hereby dismissed.

### 3. Plaintiff's claim for inspection of books and records

"Not-For-Profit Corporation Law § 621 authorizes any person who is a member of a not-for-profit corporation for at least six months immediately preceding an unsuccessful demand to inspect the corporation's books and records to commence a special proceeding to compel the production of those books and records." *Tae Hwa Yoon v. New York Hahn Wolee Church, Inc.*, 56 A.D.3d 752 (2d Dept. 2008); N-PCL § 621. The right to inspect corporate books and records "can only be asserted when a corporate shareholder is acting in good faith and has established that the inspection is for a proper purpose." *Wisniewski v. Polish & Slavic Ctr., Inc.*, 309 A.D.2d 869 (2d Dept. 2003).

---

[13] NYSCEF Doc. #s 687-692.
[14] NYSCEF Doc. # 368.
[15] NYSCEF Doc. # 696 at pp. 14-33.
[16] *Subway Surface Supervisors Ass'n*, 22 N.Y.3d at 1184 (where court found that statement "merely enunciating a policy" did not confer jurisdiction to determine its enforceability).

4

Here, Defendants Doe established that Plaintiff's claim for inspection of their books and records is moot as it pertains to this personal injury action and therefore, this cause of action is hereby dismissed. The Doe Defendants complied with multiple court orders to turn over records to Plaintiff,[17] responded to Plaintiff's discovery demands,[18] and were previously granted a protective order regarding Plaintiff's previous subpoena demands.[19] Furthermore, Plaintiff indicated that her request pursuant to N-PCL § 621 was not relevant to her personal injury claims,[20] and thus would not be for a proper purpose here.[21] Therefore, the Doe Defendants' motion regarding Plaintiff's claim for inspection of books and records is granted and Plaintiff's third cause of action is hereby dismissed.

**CONCLUSION**

Doe Defendants' motion for summary judgment is:
- Denied as to Plaintiff's personal injury claim.
- Granted as to Plaintiff's second and third causes of action, which are dismissed.

This constitutes the Decision and Order of the Court.

Date:     March 27, 2025
          Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

---

[17] NYSCEF Doc. #s 374 & 397.
[18] NYSCEF Doc. # 495.
[19] NYSCEF Doc. # 537.
[20] NYSCEF Doc. # 656.
[21] *See* NYSCEF Doc. # 537 at p. 2.