In an action to recover damages for personal injuries, the defendant Gregory Papadopoulos appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 20, 2012, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
Whether a dangerous or defective condition exists on property so as to create liability depends on the particular circumstances of each case and is generally a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Nagin v K.E.M. Enters., Inc., 111 AD3d 901 [2013]; Acevedo v New York City Tr. Auth., 97 AD3d 515, 516 [2012]). However, injuries resulting from trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip, are not actionable (see Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857 [2012]; Aguayo v New York City Hous. Auth., 71 AD3d 926 [2010]; Joseph v Villages at Huntington Home Owners Assn., Inc., 39 AD3d 481 [2007]; Outlaw v Citibank, N.A., 35 AD3d 564 [2006]).
“[T]here is no ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977; see Nagin v K.E.M. Enters., Inc., 111 AD3d at 901). However, the defendants bear the burden of demonstrating that the defect is trivial by providing evidence including details regarding the height of the differential (see Nagin v K.E.M. Enters., Inc., 111 AD3d at 901). In determining whether a defect is trivial, the court must examine all of the facts presented, including the “width, depth, elevation, irregularity and appearance of the *789 defect along with the time, place and circumstance of the injury” (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). In the instant case, the appellant failed to submit any objective measurements of the dimensions of the alleged defect (cf. Schiller v St. Francis Hosp., Roslyn, N.Y., 108 AD3d 758 [2013]; Sokolovskaya v Zemnovitsch, 89 AD3d 918 [2011]), and it is impossible to ascertain the extent of the height differential from the photographs submitted.
Since the appellant failed to establish as a matter of law that the alleged defect was trivial and therefore not actionable (see Kosarin v W & S Assoc., 6 AD3d 503 [2004]), the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Rivera, J.E, Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.