■ Martha C. Mazza, Respondent, v Our Lady of Perpetual Help Roman Catholic Church et al., Appellants. [24 NYS3d 98]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered March 13, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell on a "cementitious deposit," or cement patch, on a sidewalk abutting the defendants' premises. The plaintiff commenced this action to recover for the injuries she allegedly sustained. The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial as a matter of law and therefore not actionable and, in any event, that they did not create or have actual or constructive notice of the alleged defect. The Supreme Court denied the motion.

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Grundstrom v Papadopoulos, 117 AD3d 788 [2014]; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655 [2014]; Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857 [2012]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66 [2015]).

"[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]; see Grundstrom v Papadopoulos, 117 AD3d 788 [2014]; DeLaRosa v City of New York, 61 AD3d 813, 814 [2009]). Photographs that fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable (see Santacruz v Taco Bell of Am., LLC, 128 AD3d 793 [2015]; Platkin v County of Nassau, 121 AD3d 879, 880 [2014]; Schenpanski v Promise Deli, Inc., 88 AD3d 982 [2011]; Aguayo v New York City Hous. Auth., 71 AD3d 926 [2010]).

Here, in support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and photographs which the plaintiff claimed accurately depicted

the condition that allegedly caused her to fall. Viewed in the light most favorable to the plaintiff, as the nonmovant (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the evidence submitted by the defendants failed to establish their prima facie entitlement to judgment as a matter of law. No evidence was elicited as to the dimensions of the defect at the time of the accident. In light of the photographs, which depict the irregular nature of the sidewalk, as well as the time, place, and circumstance of the plaintiff's fall, it cannot be said as a matter of law that the condition at issue was trivial as a matter of law and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Trincere v County of Suffolk*, 90 NY2d at 978). Additionally, insofar as is relevant here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

In light of our determination, we need not address the plaintiff's remaining contentions.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.