■ KAREN BAIRD, Respondent, v FOUR WINDS HOSPITAL et al., Appellants. [33 NYS3d 389]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered February 17, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped and fell on a crack in a sidewalk on the defendants' property. The plaintiff thereafter commenced this action against the defend-

ants, and the defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial as a matter of law and, therefore, not actionable. The Supreme Court denied the motion.

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Mazza v Our Lady of Perpetual Help R.C. Church*, 134 AD3d 1073, 1074 [2015]; *Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]). In determining whether a defect is trivial, the court must examine all the facts presented, including "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]). "[T]here is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977 [internal quotation marks omitted]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the Director of Plans Operations of Four Winds Hospital, the affidavit of their expert witness, and various photographs that the plaintiff claimed accurately represented the condition that allegedly caused her fall. Viewed in the light most favorable to the plaintiff as the nonmovant (*see Pearson v Dix McBride, LLC*, 63 AD3d 895, 895 [2009]), the evidence submitted by the defendants failed to eliminate triable issues of fact as to the dimensions of the defect (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 77-78; *Mscichowski v 601 BBA, LLC*, 134 AD3d 996, 997 [2015]). Moreover, taking into consideration all of the evidence presented, including time, place, and circumstances of the plaintiff's fall, it cannot be said that the defect was trivial as a matter of law and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 77; *Trincere v County of Suffolk*, 90 NY2d at 978).

Based on the foregoing, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.