K.A. v City of New York (2020 NY Slip Op 06737)





K.A. v City of New York


2020 NY Slip Op 06737


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-04480
 (Index No. 6468/13)

[*1]K.A., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.


Sacco & Fillas LLP, Astoria, NY (James R. Baez of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Frank J. Wenick, Nicholas M. Cardascia, and Glenn A. Kaminska of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 22, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York, Department of Education, and Samuel Field YM & YWHA, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants Department of Education and Samuel Field YM & YWHA, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
While a seventh-grade student at P.S. 266 in Queens, the infant plaintiff allegedly was injured when he tripped and fell due to a crack in the concrete surface of the schoolyard. At the time of the accident, the infant plaintiff was running a sprint in an after-school program organized by an employee of the defendant Samuel Field YM & YWHA, Inc. (hereinafter the Y). The infant plaintiff, and his father suing derivatively commenced this personal injury action against the defendants City of New York and Department of Education (hereinafter the DOE), and another defendant. Thereafter, the plaintiffs served an amended complaint adding the Y as a party defendant. Following joinder of issue and discovery, the City, the DOE, and the Y (hereinafter collectively the defendants) moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. By order entered January 22, 2018, the Supreme Court granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against the City on the ground that the City did not operate, maintain, or control the school where the accident happened. The court also granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against the DOE and the Y on the grounds that the defect was trivial in nature and that the infant plaintiff assumed the risk of injury by running a sprint on the concrete schoolyard. The plaintiffs appeal.
A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Baird v Four Winds Hosp., 140 AD3d 810, 811; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073, 1074). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, [*2]irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77).
Here, the defendants established, prima facie, that the alleged defective condition was trivial as a matter of law and therefore nonactionable (see Trincere v County of Suffolk, 90 NY2d at 977; Speredowich v Long Is. R.R. Co., 164 AD3d 855; Losito v JP Morgan Chase & Co., 72 AD3d 1033). The defendants' expert inspected the crack and determined that it was "from 1/8 of an inch to 7/16 of an inch in width," and the pavement "on each side of the crack[ ] . . . contained no vertical height differential." Further, the infant plaintiff's General Municipal Law § 50-h hearing and deposition testimony established that the accident occurred during daylight hours on a clear day with nothing obstructing his view.
In opposition to the defendants' prima facie showing that the defect was trivial, the plaintiffs failed to raise a triable issue of fact. The affidavit of the infant plaintiff stating that "[t]he crack was wide enough that part of [his] right foot was able [to] go into it" "'presented what appears to be a feigned issue of fact, designed to avoid the consequences of [his] earlier deposition testimony'" (Wilson v New York City Hous. Auth., 186 AD3d 535, 537, quoting Burns v Linden St. Realty, LLC, 165 AD3d 876, 877) that his right "heel" stepped "on" the crack, and his General Municipal Law § 50-h hearing testimony that his right "toes" "stopped really hard" on the crack and the crack "wasn't wide." Moreover, the affidavit of the plaintiffs' expert was speculative, unsubstantiated, and conclusory, as the expert neither provided a description of the crack nor took any measurements of it (see Eskridge v TJBM Enters., Inc., 171 AD3d 1135, 1135; Banks v Freeport Union Free School Dist., 302 AD2d 341, 342). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the premises liability cause of action insofar as asserted against the DOE and the Y (see Augustine v City of New York, _____ AD3d _____ [decided herewith]).
Additionally, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against the DOE and the Y. The defendants established, prima facie, that the DOE and the Y were not negligent in supervising the infant plaintiff (see Mirand v City of New York, 84 NY2d 44, 49). In opposition, the plaintiffs failed to raise a triable issue of fact (see Benitez v New York City Bd. of Educ., 73 NY2d 650, 659).
In light of the foregoing, the plaintiffs' remaining contention has been rendered academic.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court