Augustine v City of New York (2020 NY Slip Op 06739)





Augustine v City of New York


2020 NY Slip Op 06739


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-01886 
2018-10373
 (Index No. 6468/13)

[*1]Kyle Augustine, etc., et al., respondents,
v
City of New York, et al., defendants, New York City School Construction Authority, appellant.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Sacco & Fillas LLP, Astoria, NY (James R. Baez of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant New York City School Construction Authority appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 30, 2017, and (2) an order of the same court entered July 13, 2018. The order entered November 30, 2017, denied the motion of the defendant New York City School Construction Authority for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The order entered July 13, 2018, denied the motion of the defendant New York City School Construction Authority for leave to renew its prior motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from the order entered July 13, 2018, is dismissed as academic in light of our determination on the appeal from the order entered November 30, 2017; and it is further,
ORDERED that the order entered November 30, 2017, is reversed, on the law, the motion of the defendant New York City School Construction Authority for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it is granted, and the order entered July 13, 2018, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On September 11, 2012, while a seventh-grade student at P.S. 266 in Queens, the infant plaintiff allegedly was injured when he tripped and fell due to a crack in the concrete surface of the schoolyard. At the time of the accident, the infant plaintiff was running a sprint in an after-school program organized by an employee of the defendant Samuel Field YM & YWHA, Inc. (hereinafter the Y). The students were lined up and each student sprinted one at a time from one side of the schoolyard to the other and back again while being timed by the Y employee. The infant plaintiff completed his first sprint without incident. According to the infant plaintiff, during his second sprint, his right foot hit a crack in the pavement, causing him to trip and fall. After the accident, he observed that the crack was "very long" but "wasn't wide" or deep.
The infant plaintiff, and his father suing derivatively commenced this personal injury action against the defendants City of New York, Department of Education (hereinafter the DOE), and New York City School Construction Authority (hereinafter the SCA). Thereafter, the plaintiffs served an amended complaint adding the Y as a party defendant. Following joinder of issue and discovery, the SCA moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it on the grounds, inter alia, that it had no duty to maintain the schoolyard on the date of the accident or to supervise the infant plaintiff and, in any event, the alleged crack in the pavement was a trivial defect which was nonactionable as a matter of law. By order entered November 30, 2017, the Supreme Court denied the motion. Subsequently, in an order entered July 13, 2018, the court denied the SCA's motion for leave to renew its prior motion. The SCA appeals from both orders.
Regarding the order entered November 13, 2017, the Supreme Court should have granted that branch of the SCA's motion which was for summary judgment dismissing the cause of action alleging premises liability insofar as asserted against it. As a general rule, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition (see Gronski v County of Monroe, 18 NY3d 374, 379; Basso v Miller, 40 NY2d 233, 241). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of [the] property is best able to identify and prevent any harm to others'" (Gronski v County of Monroe, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270). Indeed, "[i]t has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property" (Ritto v Goldberg, 27 NY2d 887, 889). Thus, a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property (see Chapman v Silber, 97 NY2d 9, 19). Control is both a question of law and of fact (see Gronski v County of Monroe, 18 NY3d at 379; Ritto v Goldberg, 27 NY2d at 889).
Here, the evidence submitted by the SCA in support of its motion for summary judgment established that, beginning in 2001, the SCA acquired portions of land that were formerly the grounds of Creedmoor Hospital, from the Dormitory Authority of the State of New York for the purpose of constructing three educational facilities, including P.S. 266, as well as associated access roads. The SCA completed the construction project in 2003. The DOE opened P.S. 266 to the public in 2003. In 2006, the SCA remitted a notice of project transfer to the DOE. On July 5, 2013, the SCA conveyed title of the land to the City.
We reject the application of the out-of-possession landlord standard here, as no leasehold was created between the SCA and the City (see Butler v Rafferty, 100 NY2d at 271 n 3). Nevertheless, since the subject accident occurred before title was conveyed to the City, the SCA, "as landowner, remains in presumptive control over its property and subject to the attendant obligations of ownership until it is found that control was relinquished, either as a matter of law or by a factfinder after presentation of all of the evidence" (Gronski v County of Monroe, 18 NY3d at 382; see Agbosasa v City of New York, 168 AD3d 794, 796). It is undisputed that P.S. 266 opened to the public in 2003. Education Law § 2554(4) affirmatively charges the DOE with responsibility for "the care, custody, control and safekeeping of all school property or other property of the city used for educational, social or recreational work" (see NY City Charter § 521[a]). "Maintenance of the school buildings is a duty imposed by law upon the Board of Education" (Friedman v Board of Educ. of City of N.Y., 262 NY 364, 366). Therefore, control over the property was relinquished by the appellant to the DOE as a matter of law when the school opened to the public in 2003. Moreover, a senior project officer for the SCA testified at his deposition that the SCA's contract with the general contractor for the construction of the school contained a warranty period during which the contractor was required to make any repairs due to defects in workmanship or materials. Further, the senior project officer testified that the SCA had no duty to inspect or maintain the schoolyard or to repair the alleged defective condition at the time of the accident. Thus, contrary to the determination of the Supreme Court, the SCA established, prima facie, that it relinquished control of the premises such that it owed no duty to the infant plaintiff to remedy the alleged defective condition at the time of the accident (see Gronski v County of Monroe, 18 NY3d at 382).
The plaintiffs failed to raise a triable issue of fact in opposition to the SCA's prima facie showing that it did not possess or control the schoolyard, and did not maintain the schoolyard or negligently create or repair the alleged defective condition (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
The SCA also established, prima facie, that the alleged defective condition was trivial as a matter of law and therefore nonactionable (see Trincere v County of Suffolk, 90 NY2d 976, 977; Speredowich v Long Is. R.R. Co., 164 AD3d 855; Losito v JP Morgan Chase & Co., 72 AD3d 1033). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77). Here, in support of their motion, the SCA submitted, inter alia, transcripts of the General Municipal Law § 50-h hearing testimony and deposition testimony of the infant plaintiff, the affidavit of their expert witness, and a photograph that the infant plaintiff claimed accurately represented the crack in the concrete that allegedly caused his fall. The SCA's expert inspected the crack and determined that it was less than one half inch wide along its entire length and there was no elevation differential on either side of the crack. Further, the infant plaintiff's General Municipal Law § 50-h hearing and deposition testimony established that the accident occurred during daylight hours on a clear day with nothing obstructing his view.
In opposition to the SCA's prima facie showing that the defect was trivial, the plaintiffs failed to raise a triable issue of fact. The affidavit of the infant plaintiff stating that "[t]he crack was wide enough that part of [his] right foot was able [to] go into it" "'presented what appears to be a feigned issue of fact, designed to avoid the consequences of [his] earlier deposition testimony'" (Wilson v New York City Hous. Auth., 186 AD3d 535, 537, quoting Burns v Linden St. Realty, LLC, 165 AD3d 876, 877) that his right "heel" stepped "on" the crack, and his General Municipal Law § 50-h hearing testimony that his right "toes" "stopped really hard" on the crack and
the crack "wasn't wide." Moreover, the affidavit of the plaintiffs' expert was speculative, unsubstantiated, and conclusory, as the expert neither provided a description of the crack nor took any measurements of it (see Eskridge v TJBM Enters., Inc., 171 AD3d 1135, 1135; Banks v Freeport Union Free School Dist., 302 AD2d 341, 342).
With respect to the cause of action alleging negligent supervision, there can be no negligence if there is no duty (see Pratt v Robinson, 39 NY2d 554, 559; Palsgraf v Long Is. R.R. Co., 248 NY 339, 342). "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). A school's duty to supervise the students in its charge arises from its physical custody and control over them (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 378; Pratt v Robinson, 39 NY2d at 560; Williams v Student Bus Co., Inc., 170 AD3d 1085, 1086).
The SCA established its prima facie entitlement to judgment as a matter of law dismissing the negligent supervision cause of action insofar as asserted against it by demonstrating that it had no custody or control of the infant plaintiff and no duty to supervise him (see Pratt v Robinson, 39 NY2d at 560). In opposition, the plaintiffs failed to raise a triable issue of fact as they did not address or specifically oppose that branch of the motion related to that cause of action (see Rebozo v Wilen, 41 AD3d 457, 459).
Accordingly, the Supreme Court should have granted the SCA's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
In light of our determination, we need not reach the SCA's remaining contentions.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court