M.X. v City of New Rochelle (2023 NY Slip Op 03725)

M.X. v City of New Rochelle

2023 NY Slip Op 03725

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04815
 (Index No. 58064/18)

[*1]M. X., etc., et al., appellants, 
v
City of New Rochelle, et al., respondents.

Sacco & Fillas, LLP, Astoria, NY (Jared Scotto and Kurt A. Doiron of counsel), for appellants.
Kathleen E. Gill, Corporation Counsel, New Rochelle, NY (Brian J. Powers of counsel), for respondents City of New Rochelle and City of New Rochelle Parks and Recreation Department.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondent City School District of New Rochelle.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated May 12, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants City of New Rochelle and City of New Rochelle Parks and Recreation Department, and the defendant City School District of New Rochelle, which were for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On July 12, 2017, while the infant plaintiff was attending a summer camp operated by the defendants City of New Rochelle and the City of New Rochelle Parks and Recreation Department (hereinafter together the City defendants) on the premises of a school owned by the defendant City School District of New Rochelle (hereinafter the District), he allegedly was injured when he jumped onto, and then fell from, a pull-up bar in the school gymnasium. The infant plaintiff, and his father suing derivatively, commenced this action against the City defendants and the District, asserting, inter alia, a cause of action alleging negligent supervision. Following the completion of discovery, the City defendants and the District separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated May 12, 2020, the Supreme Court, among other things, granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against each of them. The plaintiffs appeal.
"[S]chools and camps have a duty to provide supervision to ensure the safety of those in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate [*2]supervision" (Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 921; see Mirand v City of New York, 84 NY2d 44, 49). Here, the City defendants submitted evidence sufficient to demonstrate, prima facie, that it adequately supervised the infant plaintiff (see Mirand v City of New York, 84 NY2d at 49; Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d at 921; David v City of New York, 40 AD3d 572, 573). Contrary to the plaintiffs' contention, the infant plaintiff's own testimony at a General Municipal Law § 50-h hearing established that a camp counselor and a gym supervisor were in the gymnasium at the time of the accident and that the infant plaintiff jumped onto the pull-up bar, even though he was instructed not to do so, because he "wasn't thinking." Moreover, where, as here, "an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendant[s] is warranted" (Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d at 921 [internal quotation marks omitted]; see Convey v City of Rye School Dist., 271 AD2d 154, 160). In opposition, the plaintiffs failed to raise a triable issue of fact.
With respect to the District, in support of its motion, it submitted evidence sufficient to establish, prima facie, that it had no duty to supervise the infant plaintiff because he was not in the District's charge at the time of the accident (see Augustine v City of New York, 188 AD3d 969, 973). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the separate motions of the City defendants and the District which were for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against each of them.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court