Snyder v AFCO Avports Mgt., LLC (2024 NY Slip Op 04584)

Snyder v AFCO Avports Mgt., LLC

2024 NY Slip Op 04584

Decided on September 25, 2024

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-03718
 (Index No. 2844/19)

[*1]Kathy Snyder, et al., appellants, 
v
AFCO Avports Management, LLC, et al., respondents.

APPEAL by the plaintiffs, in an action to recover damages for personal injuries, etc., from an order of the Supreme Court (James L. Hyer, J.), dated April 14, 2022, and entered in Orange County. The order granted the defendants' motion for summary judgment dismissing the complaint.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellants.
Freeman Mathis & Gary, LLP, New York, NY (John M. Badagliacca of counsel), for respondents.

DILLON, J.P.

OPINION & ORDER
In this trip-and-fall case, the defendants moved for summary judgment dismissing the complaint on the ground that the alleged defect on which the injured plaintiff tripped was trivial as a matter of law and, thus, not actionable. In support of their motion, the defendants submitted photographs of the alleged defect, along with other evidence, but they did not submit an objective measurement of the dimensions of the alleged defect. On the plaintiffs' appeal from the order granting the defendants' motion, we address three specific questions relating to the trivial defect doctrine: (1) To establish, prima facie, that an alleged sidewalk defect was trivial as a matter of law and, thus, not actionable, must a defendant moving for summary judgment present an objective measurement of the alleged defect's dimensions? (2) If not, how are courts to examine photographic evidence in order to determine whether the alleged defect is trivial? (3) Is the opinion of a human factors expert conclusory and speculative, and therefore inadmissible, if the opinion is not based upon objective measurements of the defect? For reasons set forth below, we hold that an objective measurement of a defect is not a per se requirement for a party to meet the prima facie burden of proving an entitlement to summary judgment. We use this occasion to discuss how photographs in such instances should be examined to render a determination on triviality. Further, we hold, as an issue of first impression, that the opinion of a human factors expert about an elevation differential is conclusory and inadmissible if it is not based upon an objective measurement or at least a fairly inferable estimate of the differential.
I. Relevant Facts
During the afternoon of July 20, 2018, the plaintiff Kathy Snyder and her husband, the plaintiff D. Jay Snyder, parked in the long-term parking lot at Stewart International Airport (hereinafter the Airport) in Orange County and walked toward the Airport terminal to catch a flight. It was, according to Kathy, a "nice, clear day." Kathy and D. Jay each pulled a piece of carry-on luggage behind them. They walked on a sidewalk that was separated from an access road by a fence, with D. Jay to the left and Kathy to his right. At approximately 4:00 p.m., Kathy tripped on what she later described as "a piece of raised sidewalk," causing her to fall and sustain injuries. A cone [*2]was subsequently placed at the site where Kathy tripped. Photographs of the area were taken that day at 4:03 p.m., along with others taken a few days later. Repairs were made to the sidewalk in the days following this incident, before any objective measurements were made by anyone of the misleveled sidewalk slab where the accident occurred.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries Kathy allegedly sustained as a result of the accident against the defendants, AFCO Avports Management, LLC (hereinafter AFCO), and Port Authority of New York & New Jersey (hereinafter the Port Authority). AFCO provided certain management services for the Airport and managed the long-term parking lot. The Port Authority was the commercial lessee of the Airport.
At their depositions, neither Karen nor D. Jay were asked to describe or estimate the elevation differential of the adjoining concrete slabs at the accident location. Two incident reports, one prepared by a New York State Trooper who came to the scene and a second prepared by Airport Operations, generally describe the date, time, and place of Kathy's fall and injuries, but neither report describes the height differential of the sidewalk slabs. The deposition testimony of the Airport terminal manager, who was not at the scene on the date of the accident, also contains no description, measurement, or estimate of the height differential between the two adjoining concrete slabs relevant to this action.
The defendants moved for summary judgment dismissing the complaint. The defendants argued that their submissions, including, inter alia, photographs, deposition testimony, and an affidavit of a human factors expert, established that the alleged sidewalk defect was trivial as a matter of law and, thus, not actionable. The plaintiffs opposed the motion. The plaintiffs argued that the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law because, among other things, they failed to submit an objective measurement of the defect and the photographs they submitted depicted a significant height differential at the location of the accident. Notably, the opposition papers did not include an affidavit from either of the plaintiffs and, therefore, did not describe or estimate the height differential at the two adjoining concrete slabs. A sworn statement from an independent witness who had also been walking on the sidewalk shortly after Kathy's accident likewise included no estimate of the size of the alleged trip hazard.
In an order dated April 14, 2022, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The court reasoned that in light of the photographs, the deposition testimony, and the expert affidavit, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the condition was trivial as a matter of law and, thus, not actionable. The court concluded that the plaintiffs failed to raise a triable issue of fact in opposition. The plaintiffs appeal.
II. This Appeal
The plaintiffs argue that the defendants failed to establish, prima facie, that the sidewalk defect was trivial as a matter of law, as the defendants did not submit objective measurements of the alleged defect's dimensions.
On a motion for summary judgment, the moving party must make a prima facie showing of its entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a triable issue of fact (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; Alvarez v Prospect Hosp., 68 NY2d 320, 324).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79).
Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Pitt v New York City Tr. Auth., 146 AD3d 826, 827; Richardson v JAL Diversified Mgt., 73 AD3d 1012, 1013). However, property owners may not be held liable for trivial defects that, considering "all the specific facts and circumstances of the case, not size alone," do not "unreasonably imperil[ ]" the safety of a pedestrian (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77-78 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d at [*3]977). In other words, even physically small defects are actionable "when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]).
In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (Trincere v County of Suffolk, 90 NY2d at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Green v New York City Hous. Auth., 137 AD3d 748, 749; see Pitt v New York City Tr. Auth., 146 AD3d at 828; see also Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83). Indeed, in trip-and-fall actions, photographs of accident locations are routinely submitted on a motion for summary judgment by one or more parties.
III. Whether Objective Measurements Are Required
The Hutchinson decision from the Court of Appeals was actually three separate cases that were joined and decided together. Two of the three cases included photographs and objective measurements of the alleged hazards, which are not our focus here. The third case in Hutchinson was that of the plaintiff Maureen Adler, who alleged that she had tripped over a protruding "clump" in the middle of a step on an interior staircase in a building owned and managed by the defendants therein (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 76 [internal quotation marks omitted]). The defendants moved for summary judgment dismissing the complaint and proffered deposition testimony and photographs, but no objective measurement of the alleged defect, as here (see id. at 82-83). The Court of Appeals determined that the defendants failed to make a prima facie showing that the defect was trivial as a matter of law, as the deposition testimony and "indistinct" photographs, without measurements of the alleged defect, were inconclusive (id. at 82). "Without evidence of the dimensions of the 'clump,' it is not possible to determine whether it is the kind of physically small defect to which the trivial defect doctrine applies" (id. at 82-83). The Court further explained, however, that it "d[id] not imply that there are no cases in which a fact-finding court could examine photographs and justifiably infer from them as a matter of law that an elevation or depression or other defect is so slight as to be trivial as a matter of law" (id. at 83). Meaning, that in deciding in a given case whether photographs may sufficiently show triviality without objective measurement, it depends on what the photographs depict.
Cases from this Court are in accord with Hutchinson on this point. In Baldasano v Long Is. Univ. (143 AD3d 933), this Court affirmed an order granting the defendants' motion for summary judgment dismissing the complaint. This Court explained, in part, that "although the evidence submitted by the defendants did not provide the actual height or extent of the alleged elevation, they did submit photographs of the alleged sidewalk defect, which the parties agreed accurately depicted the sidewalk as it existed at the time of the accident" (id. at 934). "Considering these photographs, along with the injured plaintiff's description of the time, place, and circumstance of the injury, the defendants established, prima facie, that the alleged defect was trivial as a matter of law, and therefore, not actionable" (id.).
In contrast, in Grundstrom v Papadopoulos (117 AD3d 788), this Court affirmed so much of an order as denied a defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. This Court explained, in part, that "the appellant failed to submit any objective measurements of the dimensions of the alleged defect, and it is impossible to ascertain the extent of the height differential from the photographs submitted" (id. at 789 [citations omitted]). This Court has determined in other cases that moving defendants failed to establish, prima facie, the triviality of defects as a matter of law where there was an absence of objective measurements quantifying the alleged hazard (see E.F. v City of New York, 203 AD3d 887, 889; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1096-1097; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073, 1075).
Thus, the controlling precedents demonstrate that a defendant may establish, prima facie, that an alleged defect was trivial as a matter of law and, thus, not actionable, even without submitting an objective measurement of the alleged defect's dimensions (see Baldasano v Long Is. Univ., 143 AD3d at 934; see also Outlaw v Citibank, N.A., 35 AD3d 564, 565). However, as case [*4]law also illustrates, a defendant moving for summary judgment who does not submit an objective measurement of the alleged defect has greater difficulty and often fails to demonstrate triviality as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83; E.F. v City of New York, 203 AD3d at 889; Padarat v New York City Tr. Auth., 137 AD3d at 1096-1097; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d at 1075; Grundstrom v Papadopoulos, 117 AD3d at 789). This is unsurprising given that a court determining whether a defect is trivial must examine all the facts presented, including, among other things, the width, depth, and elevation of the alleged defect (see Trincere v County of Suffolk, 90 NY2d at 978).
IV. Examining the Photographs Lacking Objective Measurements
For a defendant moving for summary judgment on the ground of triviality, a picture, as the adage states, is worth a thousand words. The persuasiveness of photographs will depend on what reasonable inferences regarding the alleged defect may be drawn from them. On the one hand, "indistinct" photographs (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82) or photographs from which "it is impossible to ascertain the extent of the height differential" (Grundstrom v Papadopoulos, 117 AD3d at 789) will not aid a moving defendant in establishing triviality. On the other hand, even without an objective measurement of the alleged defect, there likely will be situations where the alleged defect's dimensions reasonably may be inferred from the photographs alone or in conjunction with other evidence.
Here, the record includes 11 color photographs taken of the accident location prior to the repairs that changed the configuration of the concrete slabs in relation to one another. The photographs are taken from various distances, angles, and elevations. They are clear in their depictions. Kathy identified at her deposition that she tripped at the misleveling of two concrete sidewalk slabs closest to the chain link fence that separated the area from a motor vehicle access road. In her direction of travel, there was a manhole cover embedded in the slab directly ahead of her and the adjacent slab to the left. The manhole cover is unrelated to the accident except to the extent that Kathy testified at her deposition that she was more concerned about the "metal plate" than she was about the sidewalk. Certain photographs, taken from some distance, do not visually depict any misleveling of the slabs. Other photographs, taken from much closer positions, depict a misleveling between the two involved slabs, with a sloping expansion joint between them of lighter color than the adjoining concrete. An orange construction cone sits at the accident location on the higher slab, with a portion of the cone's horizontal base hanging over and above the lower slab. The closest photograph of the cone depicts small vertical feet under the cone's base, which increases the height differential between the lower slab and the underside of the cone's base. Sunlight casts a shadow into the area beneath the base of the cone. The misleveling of the concrete slabs appears to be greater on the side of the sidewalk used by D. Jay than the side used by Kathy.
No reported case discusses precisely how photographs should be examined to determine whether a defect is trivial. Where no objective measurement is provided, the height, depth, or other dimensions of an alleged defect ideally should be viewed near other objects of known or standard size that are present, such as a coin, a shoe, a baseball, a soda can, or other objects of uniform size. The absence of objects of known size renders the examination of photographs more difficult, as depictions from up close, or from far away, may lack the proper angle and visual context for making an informed and accurate assessment of an alleged defect's size. Courts cannot guess in matters of summary judgment.
In this case, the best monument in some of the proffered photographs that is of known size, and which provides the viewer with visual context, is the orange construction cone sitting atop the misleveled concrete slab where the plaintiff fell. Nevertheless, we cannot with precision quantify the height differential of the adjoining slabs even with the presence of the cone, and also cannot say that the differential depicted is small enough as to be trivial as a matter of law.
There are other objects depicted in various photographs. Other objects of known size must be located within the photographs sufficiently proximate to the alleged hazard against which they are measured. Here, while some of the submitted photographs depict additional objects or subjects—such as cars, a law enforcement officer, and, in one photograph, Kathy lying on the sidewalk in the aftermath of her fall with luggage close by—no object or subject is positioned in such place, manner, and proximity as to enable a reasonable inference to be made of the alleged defect's dimensions.
In addition to the height differential depicted in the photographs, we also take into account other necessary factors relating to triviality. The subject sidewalk provides a route from the [*5]Airport's parking to its terminal, used daily by busy pedestrians engaged in personal or commercial travel, often while carrying or pulling luggage of varying weights. There was no paint, pre-accident cone, or other warning to pedestrians of the elevation differential between the slabs. Further, no deposition testimony, incident report, expert opinion, or other evidence quantified or estimated the height of the misleveling at the site of the accident.
In all, the defendants' submissions, including the photographs, even when considered in combination with the deposition testimony and other evidence, did not support the Supreme Court's conclusion of triviality as a matter of law (see E.F. v City of New York, 203 AD3d at 889; Padarat v New York City Tr. Auth., 137 AD3d at 1096-1097; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d at 1075; Grundstrom v Papadopoulos, 117 AD3d at 789).
V. The Defendants' Human Factors Expert
The defendants proffered an affidavit of a human factors expert. The expert rendered an opinion that the change in elevation between the sidewalk slabs was minimal and did not constitute a trap or snare, that the condition was identifiable as to be passed over safely, that Kathy's concern about the manhole cover would have increased her awareness of the sidewalk elevation change, and that had Kathy been more attentive, she could have negotiated the elevation change safely, as did her husband. The expert further opined that given the height differential and daytime lighting at the time, "the elevation change could have been appreciated in excess of 10 steps away."
Typically, when experts are retained by parties to render opinions about trip defects, our courts see professional engineers who provide specific measurements and who also cite to relevant codes and standards. Here, no party obtained an objective measurement of the height differential, as the sidewalk at issue was repaired within days of the accident, which prevented measurements from being obtained. The defendants therefore turned to human factors expertise to potentially compensate for the absence of objective measurements (see Wichy v City of New York, 304 AD2d 755, 756). This area of expertise is also sometimes referred to as "body mechanics" (Sumowicz v Gimbel Bros., 161 AD2d 314, 315).
Research reveals only one fall-down case in the trivial defect context involving a human factors expert, that being Shane v Supernova N.Y. Realty LLC (40 Misc 3d 1212[A], 2013 NY Slip Op 51166[U] [Sup Ct, NY County]). There, an expert rendered an opinion that the half-inch trip hazard, which would ordinarily be considered trivial, was not trivial because it was located in a highly trafficked area, in poorly lit conditions, and in a manner violative of defined building and housing maintenance codes. The Supreme Court determined that the expert's opinion raised triable issues of fact sufficient to defeat the defendant's motion for summary judgment. Significantly, in Shane, there was an objective measurement of the trip hazard on which the human factors expert's opinion was based. Human factors experts have provided opinion testimony in other forms of personal injury litigation as well (see e.g. Schmidt v One N.Y. Plaza Co. LLC, 153 AD3d 427, 429 [access ramp]; Edwards v St. Elizabeth Med. Ctr., 72 AD3d 1595, 1596 [nontrivial obstruction and fall down]; Rugar v State of New York, 48 Misc 3d 1216[A], 2015 NY Slip Op 51147[U], *6-7 [Ct Cl] [automobile accident]; In re New York County Data Entry Worker Product Liability Litigation, 1994 WL 87529, *5 [Sup Ct, NY County] [keyboard repetitive stress injury litigation]).
There must be data, measurements, personal observation, or testimony for an expert witness's opinion to be informed and admissible. For instance, in Silber v Sullivan Props., L.P. (182 AD3d 512), a professional engineer's opinion that rainwater on a walking surface was not hazardous was conclusory and speculative, absent any testing of the surface's coefficient of friction or other tests. The absence of measurements of a ramp in Rose v Kozak (175 AD3d 1656) was cited as the reason an expert's opinion about the building code's requirement of a handrail was disregarded as conclusory. In the context of automobile-related personal injury actions, physicians rendering opinions about plaintiffs' physical limitations must be based upon identified, quantified range-of-motion testing compared to norms; otherwise, the opinions are conclusory, speculative, and insufficient (see Zavala v Zicco, 172 AD3d 793, 794; Sparks v Detterline, 86 AD3d 601, 602). In contrast, this Court determined in Fiore v Plainview Plaza, LLC (137 AD3d 1202) that an expert's opinion about the defective design of a parking lot, allowing water to pond and form ice, was admissible as it was based upon on-site measurements.
We have no issue with plaintiffs' or defense attorneys presenting human factor experts in cases where such expertise is relevant, detailed, and helpful to the resolution of issues on summary judgment or at trial. Here, however, we find the human factors expert's opinion to be conclusory and speculative, absent an objective measurement of the height differential or at least a [*6]fairly inferable estimate of it (see Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414; Min Zhong v Matranga, 208 AD3d 439, 443, affd 39 NY3d 1053; Matter of Aetna Cas. & Sur. Co. v Barile, 86 AD2d 362, 365) for him to conclude that the differential was visible, identifiable, and avoidable from at least 10 feet away. An expert's conclusory or speculative opinion is of no probative force (see Romano v Stanley, 90 NY2d 444, 451; Cassano v Hagstrom, 5 NY2d 643, 646; Smith v City of New York, 210 AD3d 53, 70; Augustine v City of New York, 188 AD3d 969, 973). Under the circumstances of this case, the human factors expert's opinion did not enable the defendants to meet their prima facie burden of establishing the triviality of the alleged sidewalk defect.
Finally, there is no inconsistency in saying that an expert's opinion must be based on a detailed description of a hazard, while photographs, in a given case, may establish the triviality of a defect. The difference is that photographs show what they show, whether sufficient to establish triviality or not. Experts, on the other hand, provide opinions in matters that help clarify issues calling for professional or technical knowledge beyond the ken of the typical finder of fact (see De Long v County of Erie, 60 NY2d 296, 307; Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1184; Robins v City of Long Beach, 192 AD3d 709, 710) and, therefore, are held to a higher standard.
VI. Conclusion
Since the defendants "failed to meet their initial burden of making a prima facie showing of entitlement to judgment as a matter of law[,]" "[t]he burden therefore did not shift to [the plaintiffs] to establish the existence of a material triable issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 83).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the order is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied.
MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court