Abreu v Pursuit Realty Group, LLC (2024 NY Slip Op 05781)

Abreu v Pursuit Realty Group, LLC

2024 NY Slip Op 05781

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-05640
 (Index No. 512265/19)

[*1]Karilin Torres Abreu, appellant, 
v
Pursuit Realty Group, LLC, et al., respondents.

Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Dean L. Pillarella of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated March 1, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Pursuit Realty Group, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In February 2019, the plaintiff, while walking on a public sidewalk abutting premises located at 233 Logan Street in Brooklyn, allegedly tripped and fell due to a misleveled sidewalk flag. The plaintiff commenced this action against the defendants, Pursuit Realty Group, LLC (hereinafter Pursuit), and Maggies Paratransit Corp. (hereinafter Maggies), to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, their ownership and maintenance of the sidewalk area where the accident occurred. Subsequently, the defendants moved for summary judgment dismissing the complaint on the ground that the alleged sidewalk defect was trivial and not actionable as a matter of law or, in the alternative, dismissing the complaint insofar as asserted against Maggies on the ground that Maggies did not owe a duty of care to the plaintiff. By order dated March 1, 2023, the Supreme Court granted the defendants' motion on the ground that the defect was trivial as a matter of law. The plaintiff appeals.
A property owner may not be held liable for trivial defects not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Brown v Villarba, 224 AD3d 652). "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Clarke v 90 S. Park Owners, Inc., 228 AD3d 722, 723 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House [*2]Corp., 26 NY3d 66, 79; Haber v CVS Pharmacy, Inc., 217 AD3d 659). Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d at 977; Brown v Villarba, 224 AD3d at 652).
In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Clarke v 90 S. Park Owners, Inc., 228 AD3d at 722; Brown v Villarba, 224 AD3d at 653; Acevedo v City of Yonkers, 185 AD3d 762).
Here, the evidence submitted by the defendants, including, inter alia, a transcript of the plaintiff's deposition testimony, as well as photographs of the allegedly defective sidewalk condition, was insufficient to establish, prima facie, that the height differential was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80; Snyder v AFCO Avports Mgt., LLC, ____ AD3d ____, 2024 NY Slip Op 04584 [2d Dept]; E.F. v City of New York, 203 AD3d 887, 889; Maldonado v 2121 Shore Condominium, 138 AD3d 789, 790; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073, 1075). The evidence submitted did not include objective measurements of the dimensions of the defect, specifically the height of the allegedly misleveled sidewalk. The evidence further failed to sufficiently quantify or estimate the dimensions of the defect. The plaintiff identified the photographs as fairly and accurately representing the allegedly defective sidewalk condition as it existed on the date of the accident. While the photographs demonstrated the irregular nature of the sidewalk (see Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d at 1075), it is impossible to ascertain or to reasonably infer the extent of the defect from the photographs submitted (see Snyder v AFCO Avports Mgt., LLC, ____ AD3d ____, 2024 NY Slip Op 04584; Grundstrom v Papadopoulos, 117 AD3d 788, 789).
Therefore, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint on the ground that the defect was trivial and not actionable. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Pursuit should have been denied, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 844-845).
However, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Maggies on the alternative ground that Maggies did not owe a duty of care to the plaintiff. "Administrative Code of the City of New York § 7-210 imposes a duty upon 'the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition' and provides that such property owner shall be liable for any personal injury that is proximately caused by the property owner's failure to maintain the sidewalk in a reasonably safe condition" (Cooper v First In Queens, Inc., 229 AD3d 761, 762 [citation omitted], quoting Administrative Code § 7-210[a]; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). Here, the defendants demonstrated that Maggies was not the title owner of the premises at 233 Logan Street at the time of the accident and that Maggies owed no duty to the plaintiff under Administrative Code § 7-210 to maintain the sidewalk abutting the premises (see Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621, 621-622). Further, while Maggies utilizes the premises, the defendants sufficiently established that Maggies neither created the condition alleged, caused the alleged condition to occur because of some special use, voluntarily but negligently made repairs, nor violated some other statute or ordinance placing upon Maggies the obligation to maintain the sidewalk, which imposes liability upon Maggies for injuries caused by a [*3]violation of that duty (see Zorin v City of New York, 137 AD3d 1116, 1117). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Maggies.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court